UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff,<br><br>    v.<br><br>SKYSCANNER, INC, et al.,<br><br>    Defendants. | Case No. 25-cv-03198-DMR<br><br>**ORDER DENYING AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS*, MOTION FOR RECONSIDERATION, AND MOTION FOR DISQUALIFICATION**<br><br>Re: Dkt. Nos. 17, 18, 21 |

Self-represented Plaintiff Sergey Firsov filed an amended IFP application, a motion for reconsideration of the order denying his application to proceed *in forma pauperis* ("IFP"); and a motion to disqualify the undersigned pursuant to 28 U.S.C. § 455. [Docket No. 18 ("Reconsideration Mot."); Docket No. 17 (Am. IFP Appl."); Docket No. 20 ("DQ Mot.").] These matters are suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the following reasons, the three motions are denied.

I.   **DISCUSSION**

On April 9, 2025, Firsov filed his complaint and IFP Application. [Docket Nos. 1 ("Compl."); Docket No. 2 ("First IFP Appl.").] On June 3, 2025, the court denied the IFP Application and ordered Firsov to pay the $405 filing fee in full by June 24, 2025. [Docket No. 16, "IFP Order."] Six days later, Firsov filed an Amended IFP Application, as well as a Motion for Reconsideration of the court's IFP Order. On April 16, 2025, Firsov filed a First Amended Complaint. [Docket No. 5, "FAC."]

As of the date of this Order, Firsov has not paid the filing fee.

United States District Court
Northern District of California

**A.    Disqualification Motion**

The Disqualification Motion is denied.[1]  Section 455 requires a judge to "disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned," or where the judge "has a personal bias or prejudice concerning a party[.]"  28 U.S.C. § 455(a), (b)(1).  Firsov complains that the court refused to issue summons, and that "Plaintiff was denied to serve Defendant from day one of filing case."  DQ Mot. at 2.  A motion to recuse or disqualify must allege an extrajudicial basis for the alleged bias or prejudice.  *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source).  It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification.  *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).  The court denied Firsov's IFP application, and Firsov has not paid the required filing fee.  The court has no duty to issue summons in these circumstances.  *See* 28 U.S. Code § 1914.  The court's refusal to issue summons is not grounds for disqualification.

Firsov also complains that his First IFP Application was not filed under seal.  DQ Mot. at 3-4.  Civil Local Rule 79-5(b) explains: "A party must file a motion to seal a document at the same time that the party submits the document. Filing a motion to seal permits the party to provisionally file the document under seal, pending the Court's ruling on the motion to seal."  Plaintiff's First IFP Application was not filed under seal, and Plaintiff did not move to file it under seal.  [*See* Docket No. 2.]  Firsov indicated for the first time on the record a desire to file anything under seal in his Amended IFP Application and his Reconsideration Motion.  However, rather than filing a motion for leave to file under seal as required by Civil Local Rule 79-5(b), he merely handwrote "Confidential" on the first page of the Amended IFP Application.  His Reconsideration Motion lacks any "Confidential" notation.  It is only in the conclusion where he writes "Court must seal Applications IFF."  Recon. Mot. at 2.  Neither Firsov's Amended IFP Application nor his Reconsideration Motion explains why sealing is appropriate.

---

[1] Firsov's Disqualification Motion is nearly identical to the one filed by his wife in another case. *See Rodionova v. Qatar Airways Grp. et al.*, Case No. 25-cv-2871-TLT (N.D. Cal.), Docket No. 20.

1    The court finds that its failure to seal Firsov's First IFP Application is not a reasonable basis to question the court's impartiality.

In light of Firsov's self-represented status, the court liberally interprets Firsov's current motion to disqualify as including a belated motion to file his First and Amended IFP Applications under seal. The court denies his sealing motion. Firsov argues that both IFP Applications are per se "confidential under California Rules of court, Rule 3.50-3.63." Mot. at 3-4. These rules apply only to California state court, not the federal court. Firsov offers no other reason why his First and Amended IFP Applications should be sealed, and the court identifies no basis to seal them that is obvious from the face of the Applications.

In sum, the court denies the Disqualification Motion. Having found that disqualification is not warranted here, the court turns to Firsov's Reconsideration Motion and Amended IFP Application.

### B.     Motion for Reconsideration

Firsov moves to have the court reconsider its denial of his First IFP Application. Under Civil Local Rule 7-9(a), a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. Civ. L.R. 7-9(b).

Firsov fails to show that any of these three grounds are present so as to require reconsideration. In his legal argument, he directs the court to *Firsov v. Alaska Airlines*, Case No. 25-cv-02841-NW (N.D. Cal.). The court finds that this additional information does not alter the court's previous decision. In fact, the court in *Alaska Airlines* denied his application for proceed *in forma pauperis*. *Firsov v. Alaska Airlines*, Case No. 25-cv-02841-NW (N.D. Cal.), ECF No. 27. Nor is *Alaska Airlines* an outlier. Courts in this district have consistently denied IFP applications by Firsov on the basis of his own income and because he has recently paid to fly internationally on multiple flights involving himself, his family, and his dogs. *See Firsov v. JetBlue Airways Corp.*, Case No.

3

25-cv-03387-TSH, ECF No. 16 (collecting cases in the Northern District of California denying Firsov's IFP applications).

Firsov's Reconsideration Motion is therefore denied.

### C.  Amended IFP Application

Firsov's Amended IFP Application is denied. As previously noted, "Courts in this district have consistently denied Plaintiff's IFP applications based on his income, his assets, and his discretionary spending." IFP Order at 1 (citing *Firsov v. JetBlue Airways Corp.*, Case No. 25-cv-03387- TSH, ECF No. 16 (collecting cases)). Since then, courts have continued to deny Firsov's IFP application. *See, e.g.*, *Firsov v. W. Union Fin. Servs., Inc.* Case No. 25-cv-4727-NC (N.D. Cal.), ECF No. 7 (denying Firsov and his wife's IFP application on June 11, 2025); *Firsov v. Moneygram Payment Sys., Inc.*, Case No. 25-cv-04726-SVK (N.D. Cal.), ECF No. 7 (denying Firsov and his wife's IFP application on June 12, 2025).

Accordingly, the court denies Firsov's Amended IFP Application. In the interests of justice, the court will give Firsov a final opportunity to pay the $405 filing fee. Firsov shall pay the $405 filing fee no later than **July 7, 2025**. The court again warns Firsov that failure to do so may result in dismissal of this action.

## II.  CONCLUSION

Firsov's Disqualification Motion, Reconsideration Motion, and Amended IFP Application are denied. Firsov shall pay the $405 filing fee no later than **July 7, 2025**.

**IT IS SO ORDERED.**

Dated: June 27, 2025

_____
Donna M. Ryu
Chief Magistrate Judge

4