UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>Plaintiff,<br><br>v.<br><br>SKYSCANNER, INC, et al.,<br><br>Defendants. | Case No. 25-cv-03198-JST<br><br>**ORDER QUASHING SERVICE TO LBF TRAVEL; ORDER TO SHOW CAUSE WHY DEFENDANT SKYSCANNER SHOULD NOT BE DISMISSED FOR IMPROPER SERVICE; ORDER DISPOSING OF REMAINING MOTIONS; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: ECF Nos. 22, 24, 37, 39, 41, 48, 49, 57 |

United States District Court
Northern District of California

## I.    BACKGROUND

In this action, Pro Se Plaintiff Sergey Firsov seeks damages for alleged deceptive practices concerning the sale of airline tickets, naming LBF Travel, Inc., Compania Panamena de Aviacion, S.A., and Skyscanner, Inc., as defendants. ECF No. 1; ECF No. 5. Defendant Compania Panamena de Aviacion has been voluntarily dismissed from the action. ECF No. 38. After Firsov paid the filing fee and the Court issued the summons, Firsov filed a proof of service, although the sufficiency of that service is discussed further below. ECF Nos. 31, 32, 34.

Firsov filed a motion for default judgment on September 24, 2025, ECF No. 39, and refiled it on October 6, 2025, ECF No. 48. Firsov asserts that default judgment is warranted against Defendants LBF Travel and Skyscanner because they failed to respond to the complaint within 21 days. ECF No. 48 at 1, 2.

On October 8, 2025, LBF Travel filed a motion to dismiss the complaint for improper service. ECF No. 41. On the same day, LBF Travel also filed an opposition to Firsov's application for default judgment, arguing that it was not required to respond to the complaint because of the lack of proper service. ECF No. 42. Later that day, Firsov replied, arguing that he

effected proper service by serving the complaint upon an LBF Travel employee who identified herself as authorized to receive service.  ECF No. 43 at 2-3.

Firsov did not file an opposition to LBF Travel's motion to dismiss the complaint for improper service.  However, he filed a separate motion to strike the motion to dismiss (also on October 8), arguing that LBF Travel labeled it incorrectly. [1]  ECF No. 44.  Firsov's motion to strike also reiterated his position that the individual whom he served agreed to accept service and claimed that he had also mailed the summons and complaint to LBF Travel.  ECF No. 44 at 3. LBF Travel opposed the motion to strike on October 22.  ECF No. 53.  On October 29, LBF Travel also filed a "reply" in support of its motion to dismiss, noting that Firsov had failed to file an opposition to it.  ECF No. 55 at 1–2.

Firsov has also filed motions for sanctions (1) against all defendants to recover the cost of formal service, ECF No. 37; and (2) against LBF Travel's attorneys for filing the motion to dismiss.  ECF No. 54 at 2; ECF No. 57 at 2.  LBF Travel opposed the latter motion.  ECF No. 58.

In this order, the Court first denies Firsov's motion to strike the motion to dismiss. Turning to the motion to dismiss, the Court then finds that LBF Travel was not properly served and grants Firsov 30 days to effect proper service.  Next, the Court considers Firsov's motion for default judgment.  Because Firsov did not file a request for entry of default by the Clerk, the motion is premature.  Even if he had requested the Clerk enter default, however, the Court would deny the request as to LBF Travel because LBF Travel was never properly served.  As to Skyscanner, the Court notes inconsistencies in the proof of service filed and orders Firsov to show cause why Skyscanner was properly served.  Finally, the Court disposes of the remaining motions.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    MOTION TO STRIKE

Firsov's motion to strike the motion to dismiss, ECF Nos. 44, 49, is denied.  Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any

---

[1] Firsov filed an "amended" motion to strike on the same day—also October 8, 2025—noticing a new hearing date without altering the content of the filing.  ECF No. 49.

redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

The basis for Firsov's motion to strike is that LBF Travel "filed wrong Motion to dismiss with context of Motion to quash service of summons instead valid Motion to set default aside." ECF No. 44 at 1. Specifically, he complains that the motion to dismiss occasionally used the phrase "quash service," which is terminology used in California state court. ECF No. 44 at 2; *see* ECF No. 41 at 5. The motion, however, repeatedly refers to itself properly as a motion to dismiss for improper service under Federal Rule of Civil Procedure 12(b)(5). ECF No. 41 at 1–5. Firsov also suggests that LBF Travel was required to file a motion to set aside a default under Federal Rule of Civil Procedure 55, but the Court has not entered default in this case. ECF No. 44 at 2; ECF No. 53 at 2; *see* Fed. R. Civ. P. 55(c).

Firsov has identified no "redundant, immaterial, impertinent, or scandalous" material and provides no other basis upon which the Court could strike the LBF Travel's motion to dismiss. The motion is denied.

## IV.    MOTION TO DISMISS

Having determined that Firsov's motion to strike the motion to dismiss is meritless, the Court turns to LBF Travel's motion to dismiss for insufficient service. ECF No. 41.

Rule 12(b)(5) authorizes dismissal due to insufficient service of process. In fact, the procedural requirement of service of summons is a prerequisite to the Court's exercise of personal jurisdiction over a defendant. *See Strong v. Countrywide Home Loans, Inc.*, 700 Fed. App'x 664, 667 (9th Cir. 2017) (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, Inc., 840 F.2d 685, 688 (9th Cir. 1988).

On a Rule 12(b)(5) motion, the plaintiff bears the burden of establishing the validity of service. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). The process server's "signed return of service constitutes prima facie evidence of valid service which can be overcome only by

United States District Court
Northern District of California

strong and convincing evidence." *S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007) (internal quotation marks and citations omitted).

Under both California and federal law, a plaintiff must personally serve a summons and a copy of the complaint upon a defendant. Federal Rule of Civil Procedure 4(h)(1) provides that a corporation must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." *See* Fed. R. Civ. P. 4(h)(1)(A)-(B). Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"—here, California.

Under California Code of Civil Procedure § 416.10, service on a corporation is accomplished by delivering a copy of the summons and complaint to the corporation's designated agent for service of process or by serving certain enumerated corporate officers. Although substitute means are available, those means also require that a copy of the summons and complaint be mailed to the corporation at its last known address. *See* Cal. Code Civ. Proc. § 415.20(a).

Plaintiff's process server attempted to effect service upon LBF by leaving copies of the summons and complaint with a Skyscanner employee named Linda Taylor. ECF No. 32. LBF's CEO, Michael Thomas, not Taylor, is LBF's designated agent for services of process. ECF No. 41-3 ¶¶ 2–3. Even if service on Taylor was intended to comprise substituted service under Section 415.20(a), that provision requires that a copy of the summons and complaint be mailed to the defendant. Plaintiff's proof of service reflects no such mailing and LBF's declarations state that they received no such mailing. ECF No. 32, ECF No. 41-2 ¶ 4, 41-3 ¶ 5.

Although Firsov did not file a separate opposition to the motion to dismiss, he filed a motion to strike the motion to dismiss, arguing that service was proper because the individual whom he served indicated that she was authorized to accept service. ECF No. 49 at 3. This misrepresents the process server's declaration, which notes only that Linda Taylor stated that she was "an authorized person or apparent person in charge at the time of service." ECF No. 32. Firsov also asserts that he did mail the summons and complaint to LBF Travel, although he does

not submit proof that he did so.  ECF No. 49 at 3.  In contrast, LBF Travel submitted declarations from Linda Taylor and LBF Travel's designated agent for service purposes, who both state that LBF Travel at no point received a copy of the summons and complaint by mail.  ECF Nos. 41-2 ¶ 4, 41-3 ¶ 5.

Actual notice of the lawsuit does not cure defective service.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).  The Court finds, however, that the remedy of dismissal of plaintiffs' claims requested by Joseph is not an appropriate one as it appears that service can be corrected.  *Boustred v. Gov't & Cnty. of Santa Cruz*, No. C-08-00546 RMW, 2008 WL 2156996, at *2 (N.D. Cal. May 20, 2008); *see also Stevens v. Sec. Pac. Nat. Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976) ("The choice between dismissal and quashing service of process is in the district court's discretion.").  Instead, the court will quash service to LBF Travel and grant Firsov thirty day to effect service properly.

## V.   MOTION FOR DEFAULT JUDGMENT

Next, Firsov filed a motion for default judgment against Skyscanner and LBF Travel.  ECF Nos. 39, 48.[2]  The motion is premature because Firsov has not filed a request for entry of default. *See* Fed. R. Civ. P. 55(a); *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 86677, at *1 (S.D. Cal. Jan. 13, 2009) ("A motion for default judgment may not be considered prior to entry of default.").

Even if the Court were to construe Firsov's motion as a request for entry of default, that request would be denied as to LBF Travel because it was never properly served.  *See Argonaut Constructors v. Travelers Indem. of Illinois*, No. C05-03129 MJJ, 2005 WL 8161808, at *1 (N.D. Cal. Dec. 15, 2005) (finding entry of default improper where the defendants were never properly served).

The Court also notes that Firsov served Skyscanner, which has not appeared, at a different address than that reflected on the summons issued by this Court.  *Compare* ECF No. 27 *with* ECF No. 34.  Firsov is therefore ordered to show cause as to whether Defendant Skyscanner was

_____

[2] Although Firsov labeled his motion "application for entry default judgment by court," he directed the motion to the Court, and not, as Rule 55 requires, to the Clerk.  *See* Fed. R. Civ. P. 55(a).

United States District Court
Northern District of California

properly served.  Within 30 days of the date of this order, Firsov shall file proof on the docket that he served Skyscanner in compliance with the applicable rules described above.  This may include an explanation as to why Firsov served Skyscanner at a different address than that listed on the summons signed by this Court.  It also may include proof that Melissa Leal-Diaz, Community Director for Skyscanner, is the agent designated by the corporation to accept service of process. *See* ECF No. 34.

## VI.     REMAINING MOTIONS

Firsov's remaining motions are denied.  He filed a motion to compel the court to issue the summons and to seal his IFP application.  ECF No. 22.  Magistrate Judge Ryu subsequently issued a report and recommendation that the Court dismiss the case for failure to pay the filing fee, deny the motion to compel the issuance of the summons as moot, and deny the motion to seal his IFP application as unjustified and procedurally defective.  ECF No. 24 at 1–3.  No objections to the report and recommendation were ever filed.  Firsov subsequently paid the filing fee and the Court issued the summons.  ECF Nos. 27, 30.  The Court therefore rejects the report and recommendation to the extent it recommends dismissing Firsov's complaint.  ECF No. 24.  Firsov's motion to compel issuance of the summons is also denied as moot.  ECF No. 22.  However, the Court reviews and adopts the portions of the report and recommendation denying Firsov's request to seal his IFP application.  ECF No. 22, 24.

Firsov next filed a motion for sanctions to recover the cost of formal service against all three defendants.  ECF No. 37.  That motion is denied as moot with respect to Compania Panamena, which was voluntarily dismissed from this action on August 27, 2025.  ECF No. 38.  The motion is also denied with respect to LBF Travel, which was never served for the reasons explained in this order.  As to Defendant Skyscanner, the Court will deny the motion with leave to refile it should the Court conclude in a subsequent order that Skyscanner was properly served.

Firsov also moves for sanctions against LBF Travel for bad-faith litigation conduct, but has identified no such conduct.  ECF Nos. 54, 57; *see* Fed R. Civ. P. 11.  Firsov argues that LBF Travel acted in bad faith by "blam[ing] [Firsov's] process server," but LBF Travel is well within its rights to point out that service was not properly effected and to move for dismissal on those

6

United States District Court
Northern District of California

grounds. "[S]anctions should not result from normal advocacy." *Mount Hope Church v. Bash Back!*, 705 F.3d 418, 426 (9th Cir. 2012). The motion for sanctions, ECF No. 57, is denied.

### CONCLUSION

For the reasons explained, Firsov is granted 30 days to properly serve LBF Travel and 30 days to show cause why Skyscanner was properly served. The remaining motions are disposed of as discussed in this order.

The case management conference scheduled for February 24, 2026 is continued to May 5, 2026 at 2:00 p.m. Updated case management statements are due April 28, 2026.

**IT IS SO ORDERED.**

Dated:  February 23, 2026



JON S. TIGAR
United States District Judge

7