UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

        Plaintiff,

    v.

SKYSCANNER, INC, et al.,

        Defendants.

Case No. 25-cv-03198-JST

**ORDER DENYING AS MOOT MOTION FOR ALTERNATIVE SERVICE AND TERMINATING DEFENDANT SKYSCANNER**

Re: ECF No. 62

On February 23, 2026, this Court issued an order quashing service on Defendant LBF Travel, Inc. ECF No. 60 at 5. Plaintiff Sergey Firsov had attempted to serve LBF Travel by leaving copies of the summons and complaint with a LBF Travel employee named Linda Taylor, but LBF Travel's CEO, Michael Thomas, was its designated agent for service of process. *Id*. at 4. Moreover, "[e]ven if service on Taylor was intended to comprise substituted service under [California Code of Civil Procedure] Section 415.20(a), that provision requires that a copy of the summons and complaint be mailed to the defendant," and Firsov submitted no proof that he did so. *Id*. at 4–5. The Court quashed service and provided Firsov 30 days to serve LBF Travel properly. *Id*. at 5.

On March 16, 2026, Firsov filed a motion for alternative service, stating that his process server had attempted to serve LBF Travel on March 9 and March 12 at its San Diego office. ECF No. 61 at 1. He explained that during these attempts at service, "office manager Linda Taylor refused to take documents and even" barred the process server from the office. *Id*. at 2. It therefore appears that Firsov has only attempted to serve LBF Travel via the exact means that the Court previously found improper. In LBF's opposition to the motion for alternative service, however, it explains that counsel sent Firsov an email on March 23, 2026, notifying him that LBF

Travel did not contest Firsov's latest attempt at service and intended to respond to the complaint by April 2, 2026. ECF No. 63 at 1. On April 2, LBF Travel indeed filed a motion to dismiss the complaint. ECF No. 65. Firsov's motion for alternative service, ECF No. 61, is therefore denied as moot.

The Court's February 23, 2026 order also directed Firsov to show cause as to whether another defendant, Skyscanner, Inc., was properly served. ECF No. 60 at 6. Firsov was provided 30 days to file proof of proper service, but never did so. *Id*. Defendant Skyscanner is therefore dismissed from the action without prejudice.

Finally, on March 25, 2026, Firsov filed a motion to recover the cost of formal service under Federal Rule of Civil Procedure 4(d). ECF No. 62. This motion names only Defendant Skyscanner and lists service attempts made in April and August 2025, long before the Court's February 23, 2026 order to show cause. *Id*. at 1. Because Defendant Skyscanner has been dismissed for lack of proper service, this motion to recover the cost of formal service is denied as moot. ECF No. 62.

**IT IS SO ORDERED.**

Dated: April 3, 2026

_____
JON S. TIGAR
United States District Judge