UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

          Plaintiff,

    v.

LBF TRAVEL, INC,

          Defendant.

Case No. 25-cv-03198-JST

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 65

Before the Court is Defendant LBF Travel's motion to dismiss Plaintiff Sergey Firsov's first amended complaint ("FAC"). ECF No. 65. The Court will grant the motion.

The FAC alleges the following. On April 2, 2025, Firsov purchased a ticket through Skyscanner and its California agent, LBF Travel. ECF No. 5 at 4. After he completed the purchase, "LBF Travel created [C]opa [A]irlines booking BVX9HY with promis[e] to issue ticket number during 24 hours," but the next day, "Defendant asked [Firsov] to pay $600 more." *Id*. Because Firsov refused to pay the additional amount, "LBF [T]ravel made unauthorized refund." *Id*. He went through the same process—purchasing a ticket at a certain price only to be told that he needed to pay more and refunded when he refused—twice more in the subsequent days. *Id*. at 5. On April 11, 2025, LBF Travel called Firsov and attributed the issue to a glitch in Copa Airlines' booking system. *Id*. "LBF Travel cancelled other 2 bookings because Plaintiff could not buy 3 similar tickets." *Id*. Firsov seeks $1174.50, the cost of 2 new tickets that he purchased, $329.25 "as paid for new ticket due refund abuse," damages for emotional distress, and punitive damages. *Id*. at 14.

The FAC invokes federal question jurisdiction, ECF No. 5 at 2, and purports to allege causes of action for fraud and misrepresentation, breach of contract, unjust enrichment, "refund

abuse" in violation of California state law,[1] and violations of the California False Advertising Law, the California Consumers Legal Remedies Act, the California Unfair Competition Law, Section 5 of the Federal Trade Commission Act, and the Montreal Convention. *Id*. at 6–13.

Although the motion to dismiss argues that Firsov fails to state a claim with respect to both federal causes of action—the FTC Act and the Montreal Convention—Firsov's opposition addresses only the Montreal Convention. *See* ECF No. 65 at 10–11; ECF No. 72. Because Firsov does not address the FTC Act in his opposition, he has abandoned those claims, which are therefore dismissed with prejudice. *See Valdez v. Naderi*, No. 24-CV-01087-TSH, 2025 WL 2391444, at *10 (N.D. Cal. Aug. 18, 2025) (dismissing claims with prejudice because the plaintiff failed to address the defendant's arguments for dismissal). Even if Firsov had not abandoned his FTC Act claims, the Court would still dismiss with prejudice because the FTC Act does not provide a private right of action to enforce Section 5. *See Dreisbach v. Murphy*, 658 F.2d 720, 730 (9th Cir. 1981).

With respect to the Montreal Convention claims, Firsov's opposition is based on facts not pleaded in the complaint—namely, that on December 18, 2025, he was "denied boarding and lost paid tickets [and] hotels" and that his baggage was "delayed in SFO, California 'forever.'" ECF No. 72 at 2. He writes that he "occupied only 1 seat instead of paid 4," apparently referring to the three ticket purchase attempts described in the complaint. *Id*.; ECF No. 5 at 4–5. Likewise, he "was able to register only 1 baggage instead of paid 4," so he had "to drop 3 baggages in airport and lost cost of them." ECF No. 72 at 2. By contrast, the complaint alleges that LBF Travel violated the Montreal Convention by charging a certain price for airlines tickets and then withholding those tickets while demanding more funds, and by not disclosing the fact that a refund would be issued if he refused. ECF No. 5 at 6. In evaluating a motion to dismiss, the Court may not consider facts newly pleaded in the opposition. *See, e.g.*, *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Montreal Convention claims are therefore dismissed.

United States District Court
Northern District of California

---

[1] Under the "refund abuse" heading, the FAC also states that "Doff-Frank Act protects Plaintiff as a consumer in financial side," but does not explain why the Dodd-Frank Act affords Firsov a remedy and provides no further explanation. ECF No. 5 at 11. The Court therefore does not consider the applicability of Dodd-Frank, which in any case regulates banking, not air travel.

Even if Firsov had amended his complaint based on the new facts alleged in the opposition, he could not state a viable claim for a violation of the Montreal Convention. The Convention provides a remedy for international passengers seeking damages against airline carriers for certain types of loss and injury. *See Narayanan v. British Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). These include death or bodily injury of a passenger, destruction to, loss of, or damage to checked baggage or cargo, and damage caused by delay of passengers, baggage, or cargo. *Chubb Ins. Co. of Eur. S.A. v. Menlo Worldwide Forwarding, Inc.*, 634 F.3d 1023, 1026 (9th Cir. 2011). The FAC alleges that LBF Travel is an agent of a travel aggregator, not an airline carrier. ECF No. 5 at 4. Moreover, Firsov does not allege damages within any of the above categories. At most, his opposition alleges that he lost three bags because his pre-payment for them was not honored, and therefore that he abandoned them at SFO. This is not the type of loss contemplated by the Convention, including because these bags were never actually checked in or registered with the airline. ECF No. 72 at 2. Accordingly, because amendment would be futile, dismissal of the Montreal Convention claims is with prejudice.

Having dismissed both of Firsov's federal claims with prejudice, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, courts "consider and weigh . . . the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). When federal claims are eliminated at an early stage of litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction." *Id*. at 351. Firsov's state law claims are therefore dismissed without prejudice, which means that Plaintiffs may refile them in state court. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 14, 2026

_____
JON S. TIGAR
United States District Judge

3